UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

HERBERT DELL WESTBERG,

        Plaintiff,                         Case No. 1:07-cv-715

v.                                                 Honorable Richard Alan Enslen

T. RUSSELL et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.  Factual allegations

Plaintiff is currently incarcerated at Boyer Road Correctional Facility (MSP). In his *pro se* complaint, Plaintiff sues the Michigan Department of Corrections Director Patricia L. Caruso and MSP employees T. Russell, Jerry Remelts, and L. Krick. Defendant Russell gave Plaintiff a minor misconduct for placing a lit cigarette inside a "smokeless tobacco can." (Compl. at 6.)[1] Defendant Remelts found Plaintiff guilty of the minor misconduct and Defendant Krick denied Plaintiff's appeal. Plaintiff alleges that Defendant Caruso violated state law by allowing a Policy Directive which does not permit Plaintiff to smoke in his cell. (*Id.* at 4.)

Plaintiff's complaint challenges his conviction for the minor misconduct and asserts that he has a consitutional right to smoke in his cell. Plaintiff further alleges that he has a right to smoke in his cell under M<small>ICH</small>. C<small>OMP</small>. L<small>AWS</small> § 333.12601(1)(c), (1)(e) and (2).

Plaintiff seeks punitive and compensatory damages in the amount of $500.00 a day from each Defendant for the twenty days he "received from sanctions." (Compl. at 5.)

II.  Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d

---

[1] The Court will use the page numbers assigned by CM/ECF for ease and clarity.

810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Minor Misconduct

Plaintiff asserts a violation of his constitutional rights resulting from the minor misconduct conviction. A prisoner does not have a protected liberty interest in prison disciplinary proceedings unless the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 486 (1995). Although Plaintiff does not state it explicitly, it appears from the relief sought that he recieved twenty days of "toplock" as a result of the minor misconduct conviction. This does not amount to an atypical of significant hardship. *See Green v. Waldren*, No. 99-1561, 2000 WL 876765, at *2 (6th Cir. June 23, 2000) (citing *Sandin*, 515 U.S. at 484 - 86 (1995)). Plaintiff does not allege that he lost any good-time credits as a result of the conviction. Because Plaintiff did not suffer an infringement of any liberty interest as a result of the minor misconduct charge he fails to state a claim. *See Green*, 2000 WL 876765, at *2 ("Green had no due process liberty interest in the minor misconduct hearing because he did not allege any punishment that affected the duration of his confinement, or that constituted an atypical and significant hardship."); *Staffney v. Allen*, No. 98-1880, 1999 WL 617967, at *2 (6th Cir. Aug. 12, 1999) ("Staffney suffered no loss of good time credits as a result of his minor misconduct conviction and the sanctions he received do not represent a liberty interest recognized by the constitution.")

### B. No Constitutional Right to Smoke

To the extent Plaintiff alleges that he has a constitutional right to smoke in his cell, he fails to state a claim. There is no constitutional right to smoke in prison. *See Ballard v. City of Inkster*, No. 92-1203, 1992 WL 301278, at *1 (6th Cir. Oct. 21, 1992); *Norton v. Romanowski*, No. 2:07-cv-14104, 2007 WL 2984076, at *1 (E.D. Mich. Oct. 12, 2007); *Alder, et al. v. Caruso, et al.*, No. 07-11259, 2007 WL 2335413, at *1 (E.D. Mich. Aug.16, 2007); *accord Mauchlin v. Hood*, 167 F.. App'x. 735, 736 (10th Cir. 2006); *Beauchamp v. Sullivan*, 21 F.3d 789, 790 (7th Cir. 1994); *Grass v. Sargent*, 903 F.2d 1206 (8th Cir. 1990). Denial of smoking privileges is "an ordinary incident of prison life that [does] not impose an atypical and significant hardship" on a prisoner sufficient to implicate the due process clause. *Jones v. Toombs*, No. 95-1395, 1996 WL 67750, at *1 (6th Cir. Feb.15, 1996).

### C. State Law Claims

Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown, 27 F.3d 1162, 1166 (6th Cir. 1994). To the extent* that Plaintiff's complaint presents allegations under state law, this Court declines to exercise jurisdiction. The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *2 (6th Cir. June 18, 1998). This claim should be dismissed without prejudice.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C.

§§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Date:  December 19, 2007                               /s/ Ellen S. Carmody
                                                       ELLEN S. CARMODY
                                                       United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).