UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERBERT DELL WESTBERG,            Case No. 1:07-CV-715

       Plaintiff,                             Hon. Richard Alan Enslen

v.

T. RUSSELL, *et al.*,
                                             **JUDGMENT**

       Defendants.
_____/

       This matter is before the Court on Plaintiff Herbert Dell Westberg's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of December 19, 2007. The Report recommended dismissal of Plaintiff's federal civil rights claims for failure to state a claim and dismissal without prejudice of Plaintiff's state law claims. The Court now reviews the Report, Objections, and pertinent portions of the record *de novo* pursuant to 28 U.S.C. § 636(b). The Court reads Plaintiff's *pro se* Motion indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accepts Plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). For the reasons set forth below and in the Report, the Court finds Plaintiff's Objections to be without merit.

       Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court must dismiss prisoner actions that are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(C). A complaint fails to state a claim if it is clear that no relief could be granted under any set of facts consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or federal law and must show

that the deprivation of such right was committed by a person acting under the color of state law. *West v. Adkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

Plaintiff argues that his constitutional rights were violated after receiving a minor misconduct violation for placing a lit cigarette inside a "smokeless tobacco can." As stated in the Report, this does not represent a protected liberty interest and the resulting discipline—twenty days of "toplock"—does not constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 486 (1995). Plaintiff also argues that he has a constitutional right to smoke in his cell. The Report correctly dismissed this argument because such a right does not exist. *See Ballard v. City of Inkster*, No. 92-1203, 1992 WL 301278, at *1 (6th Cir. Oct. 21, 1992). Regarding any state law claims Plaintiff asserts, the Court declines to exercise jurisdiction for the reasons stated in the Report. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).

For the reasons given here and in the Report, the Court discerns no good faith basis for an appeal and will so certify pursuant to 28 U.S.C. § 1915(a). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Herbert Dell Westberg's Objections (Dkt. No. 5) are **DENIED**, the Report and Recommendation (Dkt. No. 4) is **ADOPTED**, all of Plaintiff's federal claims are **DISMISSED WITH PREJUDICE**, all of Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**, and the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal would not be taken in good faith.

**IT IS FURTHER ORDERED** that the dismissal of this action for failure to state a claim shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>January 23, 2008 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |